# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.    CAUSE NO. 1:09CR7-LG-JMR-1

**LEONARD LASHUNN BRADLEY**

### ORDER DENYING DEFENDANT'S MOTION FOR
### PERMISSION TO FILE OUT OF TIME APPEAL

**BEFORE THE COURT** is the [61] Motion for Permission to File Out of Time Appeal filed by Leonard L. Bradley. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion should be denied.

## BACKGROUND

Bradley pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). On September 28, 2009, the Court sentenced him to 140 months of imprisonment and five years of supervised release. On January 3, 2012, the Court reduced Bradley's sentence to 120 months imprisonment pursuant to the Fair Sentencing Act of 2010 and 18 U.S.C. § 3582(c)(2). Bradley was released from custody on October 6, 2017, but he violated the terms of his supervised release when he was arrested by the Moss Point Police Department and charged with child pornography-related offenses. On January 18, 2019, the Court imposed a sentence of twenty-four months imprisonment to be served consecutive to any state sentence that may be imposed in the Moss Point Police Department case. On April 12, 2019, Bradley filed a pro se

Motion to Reduce Sentence pursuant to Section 404 of the First Step Act. On May 1, 2019, this Court entered an [59] Order denying Bradley's Motion because he is ineligible for relief under the First Step Act. The Office of the Federal Public Defender filed the present Motion for Permission to File Out of Time Appeal on Bradley's behalf on May 20, 2019, asserting that the appropriate person in the Federal Public Defender's Office did not receive notice that Bradley had filed a Motion under the First Step Act.[1]

## DISCUSSION

A criminal defendant's notice of appeal must be filed within fourteen days after entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A).

> Upon a finding of excusable neglect or good cause, the district court may -- before or after the time has expired, with or without motion and notice -- extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). The lack of notice to the appropriate person in the Federal Public Defender's Office does not constitute excusable neglect. Furthermore, no explanation has been given as to why Bradley could not file a timely pro se notice of

---

[1] The Federal Public Defender's Office has been appointed by Administrative Order

> to represent any defendant previously determined to have been entitled [to] appointment of counsel, or who was previously represented by retained counsel and is presently indigent, to determine whether the defendant may qualify to seek reduction of sentence and to present any motions or applications for reduction of sentence in accordance with Section 404 of the First Step Act of 2018.

(Appendix 1 to Mot., ECF No. 61-1.)

appeal. Finally, any appeal would be futile in this case, because Bradley clearly does not qualify for relief under the First Step Act for the reasons stated in this Court's previous [59] Order. Therefore, Bradley has not demonstrated either good cause or excusable neglect for failing to timely file a notice of appeal.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that [61] Motion for Permission to File Out of Time Appeal filed by Leonard L. Bradley is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of June, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE